IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

**Case No. 22-12419**

CONTINENTAL HOLDINGS, INC., )

            Appellant,          )

v.                       )    D. Ct. Case No. 3:12-CV-850-HES

HOUSTON PIPE LINE      )
COMPANY, L.P. and HPL GP, LLC,    On appeal from the United States
                        )   District Court for the Middle District
            Appellees.      of Florida, Jacksonville Division

_____)

**<u>APPELLANT'S INITIAL BRIEF</u>**

SMITH HULSEY & BUSEY
One Independent Drive, Suite 3300
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708

Counsel for Appellant

### <u>Certificate of Interested Persons and Corporate Disclosure Statement</u>

Continental Holdings, Inc. discloses the following pursuant to Rule 26.1,

Federal Rules of Appellate Procedure:

The name of each person, attorney, association or persons, firm, law firm, partnership, and corporation that has or may have an interest in the outcome of this action—including subsidiaries, conglomerates, affiliates, parent corporations, publicly-traded companies that own 10% or more of a party's stock, and all other identifiable legal entities related to *any* party in the case:

Adams, Jr., Hon. Henry Lee, United States District Court Judge

Alexander, Scott R. of Taft Stettinius & Hollister LLP, Attorney for HPL GP, LLC and Houston Pipe Line Company, L.P.

Bartlett, Loeb, Hinds & Thompson, PLLC, Attorneys for HPL GP, LLC and Houston Pipe Line Company, L.P.

Busey, Stephen D. of Smith Hulsey & Busey, Attorney for Continental Holdings, Inc.

CCC Canada Holdings, Inc., a Delaware corporation

Continental Holdings, Inc., a Wyoming corporation, Appellant

Continental Level 3, Inc., f/k/a Continental Kiewit Inc., a Delaware corporation

Continental Mineral Sales, Inc., a Delaware corporation

Doucette, Allison C. of Bartlett, Loeb, Hinds & Thompson, PLLC, Attorney for HPL GP, LLC and Houston Pipe Line Company, L.P.

Front Range Insurance Company, Inc., a Hawaii corporation

Gardner, Richard W. of Taft Stettinius & Hollister LLP, Attorney for HPL GP, LLC and Houston Pipe Line Company, L.P.

i

Gramling Environmental Law, PA, Attorneys for HPL GP, LLC and Houston Pipe Line Company, L.P.

Gramling, III, George F. of Gramling Environmental Law, PA, Attorney for HPL GP, LLC and Houston Pipe Line Company, L.P.

HPL Consolidation LP, a Delaware limited partnership

HPL GP, LLC, a Delaware limited liability company, Appellee

Houston Pipe Line Company, L.P., a Delaware limited partnership, Appellee

KMI Continental Lignite, Inc., a Delaware corporation

Level 3 Communications, Inc., a Delaware corporation

Level 3 Financing, Inc., a Delaware corporation

Level 3 Holdings, Inc., a Delaware corporation

Level 3 Parent, LLC, a Delaware limited liability company

Loeb, Ethan Jerome of Bartlett, Loeb, Hinds & Thompson, PLLC, Attorney for HPL GP, LLC and Houston Pipe Line Company, L.P.

Lumen Technologies, Inc., a Louisiana corporation, stock symbol LUMN

McCready, Ann O'Connor of Taft Stettinius & Hollister LLP, Attorney for HPL GP, LLC and Houston Pipe Line Company, L.P.

Richardson, Hon. Monte, United States District Court Judge

Schlesinger, Hon. Harvey E., United States District Court Judge

Sleeth, Tim Elsworth of Smith Hulsey & Busey, Attorney for Continental Holdings, Inc.

Smith Hulsey & Busey, Attorneys for Continental Holdings, Inc.

Taft Stettinius & Hollister LLP, Attorneys for HPL GP, LLC and Houston Pipe Line Company, L.P.

Thomas, John R. of Smith Hulsey & Busey, Attorney for Continental Holdings, Inc.

Wildcat Holdco, LLC, a Delaware limited liability company

Wulbern, Allan E. of Smith Hulsey & Busey, Attorney for Continental Holdings, Inc.

## Statement Regarding Oral Argument

The civil action below involved issues of successor liability for environmental contamination of property owned by the City of Jacksonville that occurred more than a hundred years ago. The issues for review in this appeal are the propriety of the District Court's orders (i) denying Appellant's motion to voluntarily dismiss Appellant's third-party complaint against Appellees, (ii) imposing sanctions against the Appellant for litigating *after* the Appellant repeatedly sought to voluntarily dismiss those claims, and (iii) granting summary judgment for Appellees (also after Appellant sought to dismiss the claims that were the subject of the judgment). Because of the unique facts and legal issues of the case, oral argument should aid the Court's decisional process.

# **Table of Contents**

Page

Certificate of Interested Persons and Corporate Disclosure Statement……….……i

Statement Regarding Oral Argument ........................................................................iv

Table of Contents ......................................................................................................v

Table of Citations.................................................................................................... vii

References to the Record ..........................................................................................ix

Statement of Jurisdiction...........................................................................................1

Statement of the Issues..............................................................................................2

Statement of the Case................................................................................................3

I.       The proceedings in the court below................................................................3

II.      Statement of the facts.....................................................................................7

Standard of Review....................................................................................................9

Summary of the Argument.......................................................................................10

Argument..................................................................................................................11

I.       The District Court abused its discretion in denying Continental's
         motion to dismiss its third-party complaint against Houston.......................11

         A.       A district court should grant a motion to dismiss without
                  prejudice if the defendant will not suffer "plain legal prejudice."......11

         B.       Houston did not identify any legal prejudice ......................................13

C.   The District Court did not find any legal prejudice ...........................16

D.   The District Court abused its discretion in denying Continental's motion to dismiss..........................................17

II.  The Court should reverse the District Court's orders entered after the District Court denied Continental's motion to dismiss ................................18

Conclusion ....................................................................................................20

Certificate of Compliance ..........................................................................21

Certificate of Service ..................................................................................22

## <u>Table of Citations</u>

Page(s)

**CASES**

*Amlong & Amlong, P.A. v. Denny's, Inc.*,
  500 F.3d 1230 (11th Cir. 2007)............................................................................10

\* *Arias v. Cameron*,
  776 F.3d 1262 (11th Cir. 2015)............................................................ 11, 12, 13

*City of Jacksonville v. Jacksonville Hospitality Holdings, L.P.*;
  case no. 21-13987-GG (11th Cir. June 17, 2022) ...................................................1

\* *Cone v. West Virginia Pulp*,
  330 U.S. 212 (1947) ........................................................................................13

\* *Durham v. Florida East Coast Ry. Co.*,
  385 F.2d 366 (5th Cir. 1967)................................................ 11, 12, 13, 15, 17, 18

*Fisher v. Puerto Rico Marine Mgmt., Inc.*,
  940 F.2d 1502 (11th Cir.1991)...........................................................................12

\* *Holiday Queen Land Corp. v. Baker*,
  489 F.2d 1031 (5th Cir. 1974)..................................................................... 18, 19

\* *Kotzen v. Levine*,
  678 F.2d 140 (11th Cir. 1982)............................................................... 11, 13, 15

\* *McCants v. Ford Motor Co., Inc.*,
  781 F.2d 855 (11th Cir. 1986)...........................................................................12

*McMahan v. Toto*,
  256 F.3d 1120 (11th Cir. 2001).............................................................................9

\* *Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Services*,
  452 F.3d 1254 (11th Cir. 2006)..............................................................................1

\* *Pontenberg v. Boston Scientific Corp.*,
  252 F.3d 1253 (11th Cir. 2001)..........................................................................15

\* *Yandell Constr. Services, Inc. v. LMR Constr., LLC,*
1:17-cv-01037-JDB, 2018 WL 4375112 (W.D. Tenn. Sept. 13, 2018)...............15

## STATUTES

28 U.S.C. § 1291 .................................................................................................1

Section 376.313, Florida Statutes .......................................................................3, 6

## OTHER AUTHORITIES

2 Barron & Holtzoff Federal Practice and Procedure § 912, Wright's ed........ 12, 17

Rule 4(a)(2), Fed. R. App. P. .........................................................................1

Rule 41(a)(2), Fed. R. Civ. P. .................................................................11

Rule 54(b), Fed. R. Civ. P..................................................................5

Section 107(a) of the Comprehensive Environmental Response, Compensation,
and Liability Act of 1980 ...................................................................3, 8

*\*Authorities upon which Appellant relies.*

## **References to the Record**

References to "Doc. No." are citations to the District Court docket for Case

No. 3:12-cv-850-HES.

## **Statement of Jurisdiction**

The Court has jurisdiction over this appeal because appellant Continental Holdings, Inc. ("Continental") filed its notice of appeal within 30 days of the District Court's order determining the amount of attorneys' fees the District Court held  Continental owes appellees Houston Pipe Line Company, L.P. and HPL GP, LLC (collectively, "Houston") and four days before the District Court entered a judgment on that order.  *See Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Services*, 452 F.3d 1254, 1256 (11th Cir. 2006) (holding a notice of appeal filed by the government within 55 days of the district court's order determining the amount of fees and costs to be paid by the government as sanctions under Rule 11 was timely filed); and Rule 4(a)(2), Fed. R. App. P. ("A notice of appeal filed after the court announces a decision or order—but before  the entry of the judgment or order—is treated as filed on the date of and after the entry.").[1]

Accordingly, this Court has jurisdiction in this appeal pursuant to 28 U.S.C. § 1291.

---

[1] *See also City of Jacksonville v. Jacksonville Hospitality Holdings, L.P.*; case no. 21-13987-GG (11th Cir. June 17, 2022) (dismissing earlier appeal in these proceedings because the District Court had not yet calculated the fees and costs the District Court awarded to Houston).

## **Statement of the Issues**

1.      Whether the District Court abused its discretion in denying Continental's motion to voluntarily dismiss its third-party complaint against Houston.

2.      Whether orders of the District Court entered after the District Court denied Continental's motion to dismiss should be vacated.

## Statement of the Case

### I.    The proceedings in the court below.

The City of Jacksonville (the "City") filed its complaint below in 2012 (Doc. No. 1).   Two years later, the City filed a second amended complaint, adding Continental as a defendant (Doc. No. 87).

The City's amended complaint alleged that environmental contamination in the City's Confederate Park originated from discharges from a manufactured gas plant (the "Gas Plant") that Jacksonville Gas Company owned and operated in Jacksonville between 1874 and 1912 (Doc. No. 87, pp. 4-5).   The City alleged that Continental is the successor to the Jacksonville Gas Company, by way of a 100-year history that included multiple successor corporations, insolvency proceedings, and transactions (*id*.).   The City asserted claims against Continental under Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA") and Section 376.313, Florida Statutes (Doc. No. 87).

Continental answered the City's complaint, denied that Continental is the successor to Jacksonville Gas Company, and asserted a counterclaim against the City for indemnity because of the City's ownership and operation of Confederate Park (Doc. No. 91).

3

In April 2015, Continental filed an amended third-party complaint naming Houston, Jacksonville Electric Authority ("JEA"), and three other third-party defendants (Doc. No. 97).  Continental alleged in its third-party complaint that Houston—not Continental—is the successor to Jacksonville Gas Company (*id.*).

In November 2015, five months after receiving Houston's answer, Continental moved, voluntarily, to dismiss its third-party complaint against Houston (Doc. No. 184).  Houston objected to Continental's motion (Doc. 190), and as a result, the District Court denied Continental's motion to dismiss in January 2016 (Doc. No. 204).

Continental filed a second motion to dismiss its complaint against Houston in September 2016 (Doc. No. 282).  Again, Houston objected (Doc. No. 286).  Again, the District Court denied Continental's motion to dismiss (Doc. No. 294).

The next month, in October 2016, Houston moved for sanctions against Continental and Continental's attorneys for "multiplying the proceedings" against Houston (the "Sanctions Motion"; Doc. No. 285).  Almost a year later, the District Court granted Houston's Sanctions Motion, in September 2017 (almost two years after Continental first tried to dismiss its complaint against Houston), finding that Continental had "multiplied the proceedings in this case unreasonably and vexatiously" (the "Sanctions Order"; Doc. No. 306).  The District Court reserved

jurisdiction to determine the *amount* of fees to be awarded to Houston against Continental.

In March 2017, (i) Continental moved for a partial summary judgment against the City on the issue of successor liability (Doc. No. 295); (ii) the City moved for a partial summary judgment against Continental on the issue of successor liability (Doc. No. 298); and (iii) Houston moved for a summary judgment against Continental on Continental's claims against Houston in the third-party complaint (Doc. No. 299).

More than a year later, in September 2018, the District Court entered an order (i) denying Continental's motion for partial summary judgment against the City, (ii) granting the City's motion for partial summary judgment against Continental, and (iii) granting Houston's motion for summary judgment on Continental's third-party complaint (Doc. No. 315). At the District Court's direction, the Clerk of Court entered a judgment against Continental on Continental's third-party complaint (Doc. No. 316).

Because the summary judgment order and accompanying judgment did not resolve all claims against the parties in the action, Continental moved to certify the judgment pursuant to Rule 54(b), Federal Rules of Civil Procedure (Doc. No. 323), so Continental could appeal the court's summary judgment in favor of Houston. Houston objected, arguing the judgment *was* a final judgment and therefore

certification was unnecessary (Doc. No. 329, p. 2).  The District Court denied certification, without addressing Houston's argument that the judgment was final (Doc. No. 330).

In December 2018, Continental filed a notice of appeal of the summary judgment in favor of Houston (Doc. No. 333).  In the notice, Continental stated that Continental appealed from the judgment because of Houston's continuing argument that the judgment was final.  This Court subsequently dismissed Continental's appeal as premature (Case No. 18-15139, Order dated February 26, 2019).

In July 2021, Continental, the City and JEA settled their respective claims and  stipulated to the dismissal of their claims and counterclaims with prejudice (Doc. No. 379).

On October 6, 2021, the District Court held a hearing on Houston's motion for attorneys' fees under the Sanctions Order and Section 376.313, Florida Statutes (Doc. No. 321).  After the hearing, the District Court ordered the parties to "jointly move to dismiss" Houston's counterclaims against Continental (Doc. No. 386). Continental and Houston did so on October 25, 2021 (Doc. No. 387).  The District Court granted the joint motion to dismiss on November 10, 2021 (Doc. No. 388). On November 12, 2021, Continental filed its second notice of appeal (Doc. No.

389).  This Court again dismissed Continental's appeal as premature (Case No. 21-13987, Order dated June 17, 2022).

On June 22, 2022, the District Court entered an Order awarding Houston $1,171,277.90 in attorneys' fees and $308,218.75 in costs (Doc. No. 401).

On July 21, 2022, Continental filed its notice of this appeal (Doc. No. 402).

On July 25, 2022, the District Court reduced its Order awarding fees and costs to a judgment in favor of Houston against Continental (Doc. No. 405).

## II.    Statement of the facts.

1.    In its complaint, the City alleged that Jacksonville Gas Company owned and operated the Gas Plant from 1874 until 1912, and during that time the Gas Plant discharged hazardous substances and pollutants that later migrated onto the City's property (Doc. No. 87).

2.    The City also alleged that (i) a *second* Jacksonville Gas Company, (ii) Jacksonville Gas *Corporation*, and (iii) Florida Gas Company ("Florida Gas") each succeeded to the liabilities arising out of the first Jacksonville Gas Company's operation of the Gas Plant, and that, a hundred years later, Continental is the successor to all of these companies and therefore responsible for Gas Plant contamination (Doc. No. 298, pp. 8–16).

3.    Continental alleged in its third-party complaint that Houston, not Continental, succeeded to any Gas Plant liabilities that belonged to Florida Gas,

7

and that under CERCLA and the similar Florida statute, Houston is liable to Continental for any environmental response costs Continental incurred in connection with the Gas Plant (Doc. No. 97).

4.    In its motion for sanctions and in its motion for summary judgment, Houston argued that Continental had previously admitted *outside the proceedings below* that Continental (not Houston) is the successor to Florida Gas's liabilities (Doc. Nos. 285 and 299).    To support its argument, Houston relied on Continental's settlement discussions and settlement agreements with insurers of Florida Gas (*id.*).[2]

5.    In its oppositions to Houston's sanctions and summary judgment motions, Continental cited record evidence that shows:

(i)    Houston, not Continental, succeeded to Florida Gas's liabilities (Doc. No. 302, pp. 12-19);

(ii)    Continental's    extra-judicial    statements,    including settlement discussions and agreements with Florida Gas's insurers, were not *admissions* that Continental is the successor to Florida Gas (Doc. No. 287, pp. 2-6; Doc. No. 302, pp. 6-12); and

[2] Because others had alleged Continental to be the successor of Florida Gas at other contaminated sites, Continental paid environmental remediation expenses in settlements on Florida Gas's behalf.  Continental later sought indemnification from Florida Gas's insurers to recoup the environmental expenses Continental paid on Florida Gas's behalf (Doc. No. 303-1, pp. 5-8, 18:16-21:5).

(iii)    Continental had consistently denied that it is the successor to the liabilities of Florida Gas (Doc. No. 303-1, p. 9, 190:18-21; Doc. No. 303-3, pp. 6-7, 150:4-151:1).

6.    At the time Continental first moved to voluntarily dismiss its third-party complaint against Houston (in November 2015), Houston had incurred only approximately $170,000 in attorneys' fees in defense of the action (Doc. No. 381, p. 2).

7.    When Houston objected to Continental's motion to dismiss a month later, Houston alleged it had incurred over $250,000 in attorneys' fees and costs in its defense of the action (Doc. No. 190, p. 10).[3]

8.    Between November 2015 (when Continental first sought to dismiss Houston) and October 2021 (the hearing on Houston's motion to determine the amount of fees and costs Continental should pay Houston), Houston incurred an additional *1.4 million* in attorneys' fees and costs in defense of Continental's complaint (Doc. No. 381, pp. 2-3).

## Standard of Review

This Court reviews the District Court's orders denying Continental's motions to voluntarily dismiss the third-party complaint for abuse of discretion. *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001).

---

[3]  Costs comprised less than $1,000 of the $250,000 (Doc. No. 320).

This Court reviews the District Court's order granting Houston's motion for sanctions for abuse of discretion. *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1237 (11th Cir. 2007).

## Summary of the Argument

1. The District Court abused its discretion in denying Continental's motion to voluntarily dismiss its third-party complaint against Houston.

2. Because the District Court abused its discretion in denying Continental's motions to dismiss, this Court should reverse the District Court's subsequent orders imposing sanctions against Continental and granting summary judgment to Houston, and the judgments based on those orders, and remand the case to the District Court to dismiss Continental's third-party complaint against Houston without prejudice.

## **Argument**

I.    **The District Court abused its discretion in denying Continental's motion to dismiss its third-party complaint against Houston.**

    A.    A district court should grant a motion to dismiss without prejudice if the defendant will not suffer "plain legal prejudice."

Rule 41(a)(2), Federal Rules of Civil Procedure, provides that if a defendant has answered a complaint or filed a motion for summary judgment, a plaintiff may voluntarily dismiss its action only by an order of the Court:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

> Rule 41(a)(2), Fed. R. Civ. P.

"The decision of whether to grant a voluntary dismissal pursuant to Rule 41(a)(2), Fed. R. Civ. P., falls within the sound discretion of the district court." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). In this Circuit, a district court's discretion to grant a voluntary dismissal

> must be guided by "the traditional principle that dismissal *should be allowed* unless the defendant will suffer some plain prejudice *other than the mere prospect of a second law suit.*"

> *Kotzen v. Levine*, 678 F.2d 140, 140 (11th Cir. 1982) (quoting *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967), emphasis added).

11

According to *Durham*:

> The crucial question to be determined is, *Would the defendant lose any substantial right by the dismissal.* 'In exercising its discretion the court follows the traditional principle that *dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second law suit. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby*.' The record does not disclose any prejudice to the defendant, had a voluntary dismissal been granted, other than the annoyance of a second litigation upon the same subject matter.
>
> > *Durham*, 385 F.2d at 368 (quoting 2 Barron and Holtzoff, Federal Practice *369 and Procedure § 912 (Wright's ed.), emphasis added).

> Generally speaking, a motion for voluntary dismissal should be granted *unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit*.
>
> > *Arias*, 776 F.3d at 1268 (citing *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1502-03 (11th Cir.1991), emphasis added).[4]

---

[4] Even the loss of a statute of limitation defense does not constitute plain legal prejudice. *See McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 859 (11th Cir. 1986) ("We have already held the loss of a valid statute of limitations defense not to constitute a bar to a dismissal without prejudice.") (citing *Durham*, 385 F.2d at 369).

*Kotzen, Durham*, and *Arias* are consistent with United States Supreme Court precedent that recognizes Continental had "an unqualified right" to dismiss Houston without prejudice — as late as *during trial*:

> Take the case where a trial court is about to direct a verdict because of failure of proof in a certain aspect of the case. At that time a litigant might know or have reason to believe that he could fill the crucial gap in the evidence. Traditionally, a plaintiff in such a dilemma has had an *unqualified right* to, upon payment of costs, to take a nonsuit in order to file a new action after further preparation, *unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.*
>
> > *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947) (emphasis added).

B.    <u>Houston did not identify any legal prejudice</u>.

In its opposition to Continental's first motion to dismiss, Houston argued (i) it would be prejudiced if Continental were permitted to conduct discovery without Houston's participation in the case, (ii) Continental filed its motion to dismiss to avoid an adverse ruling, and (iii) granting the motion to dismiss would not be in the interest of judicial economy (Doc. No. 190, pp. 4–11).

With respect to Houston's first argument, at the hearing on Continental's first motion to dismiss Houston's attorney acknowledged the *only* prejudice Houston would suffer was that Houston would not be able to participate in

discovery – which the District Court observed did not appear to constitute prejudice of any kind (much less "plain legal prejudice"):

> THE COURT:  You may have a dog in this fight but the dog that brought you in here no longer wants you in here.
>
> MR. ALEXANDER:  And I have some ideas on why that is, Your Honor, and I think under the law we have a right to stay in at this point for a variety of reasons.
>
> THE COURT:  Tell me those reasons.
>
> MR. ALEXANDER:  No. 1, prejudice.  If we're taken out of this case there is going to be expert testimony, maybe it will be admitted, maybe it won't be, and summary judgment and a determination and a judgment from this court as to whether or not [Continental] is the corporate successor to Florida Gas and the Jacksonville Gas Company and their affirmative defense that Houston Pipe Line is actually the successor.  We wouldn't be part of that.  We wouldn't be able to put in our experts, our witnesses, our former employees, our documents in our case.  *Now, I understand the law of collateral estoppel, that we may not be estopped or bound related to that judgment, but we would be paddling uphill, up a mighty hill the next time the case is brought and it will be, because if [Continental] is out of the case, then Mr. Pence [counsel for the City] may be bringing that particular action against us*.  And so we believe, and we cited case law in our motion is that when you have a prejudice at play, and *this is a classic incident of prejudice* –
>
> THE COURT:  But if you are brought back into this litigation or some other litigation about being the successor, then you still have the same rights that you would have now in this case.

14

MR. ALEXANDER:  *We would have rights that we would be able to deny it.*  The problem is as a practical manner [*sic*] –

THE COURT:  *I'm a having a hard time following the prejudice.*

> Doc. No. 221, pp. 35–36, 34:2–35:18 (emphasis added).

The District Court had a "hard time following the prejudice" because— under the precedent of this Circuit—*there was none. See Kotzen*, 678 F.2d 140 ("dismissal should be allowed unless the defendant will suffer some plain prejudice *other than* the mere prospect of a second law suit.'") (emphasis added); and *Durham*, 385 F.2d at 368 ("It is no bar to dismissal that plaintiff may obtain some tactical advantage . . . .").[5]

Binding precedent also bars Houston's second argument: that dismissal should be denied because Continental filed its motion to dismiss Houston to avoid an adverse ruling. *See Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1258

---

[5] *See also*, *Yandell Constr. Services, Inc. v. LMR Constr., LLC*, 1:17-cv-01037-JDB, 2018 WL 4375112 (W.D. Tenn. Sept. 13, 2018) (holding surety's speculation that, under an unsettled area of Tennessee law, a surety might be bound by an adverse judgment against its principal was not "legal prejudice" that would preclude the court from granting the plaintiff's motion to voluntarily dismiss the surety, even though the claim against the principal would remain pending).

(11th Cir. 2001) ("[T]he mere attempt to avoid an adverse summary judgment ruling in and of itself . . . does not constitute plain legal prejudice.").[6]

Finally, it is difficult to reconcile Houston's third argument—that denying the motion to dismiss would serve the interest of judicial economy—with the thirty-five motions and other papers subsequently filed by Continental and Houston that the District Court was required to consider, much less the additional $1.4 million in *self-inflicted* attorneys' fees and costs Houston incurred, all *after* the District Court denied Continental's motion to dismiss.

C.    <u>The District Court did not find any legal prejudice.</u>

The District Court did not find Houston would lose any legal rights if Continental's motion to dismiss were granted.

The District Court's decision apparently was based on the District Court's *unsupported speculation* that Houston would be a defendant in future litigation, which is *not* legal prejudice under this Circuit's precedent:

> THE COURT:   Well, I got the feeling, *I don't have anything to support that*, that if I grant your motion to dismiss, they are going to show up again somewhere in

---

[6]   Houston's argument lacks merit for the additional reason that when Houston objected to Continental's motion to dismiss, Houston had filed no dispositive motion.   Houston filed its motion for summary judgment ten months *after* the District Court denied Continental's motion to dismiss.

> this case, in this case or some other case somewhere else.
> *That's my feeling about it*.

> Doc. No. 221, 44:6-11 (emphasis added).

D.    The District Court abused its discretion in denying Continental's motion to dismiss.

Absent a finding of legal prejudice, the District Court did not have the discretion to deny the motion to dismiss.

In a binding precedent, the Fifth Circuit Court of Appeals held that when the only prejudice dismissal would cause is the prospect of subsequent litigation, it is an abuse of discretion to deny a motion to dismiss:

> As we noted in *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967), a court exercising its discretion in considering voluntary dismissal must:

>> follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice *other than the mere prospect of a second lawsuit*. It is no bar to dismissal that plaintiff may obtain some tactical advantage thereby.

>> 385 F.2d at 368 (quoting 2 Barron & Holtzoff Federal Practice and Procedure § 912, Wright's ed. and adding emphasis).

> INA came late to the case and suffered a minimum of expense.  Had the court granted a voluntary dismissal,

17

> INA faced only the annoyance of a second litigation upon the same subject matter. *Despite INA's insistence that a second suit would be only a perpetuation of the frivolous and spurious, we conclude that INA would not have lost any substantial right by the dismissal.*
>
> > *Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031, 1032 (5th Cir. 1974) (emphasis added).

The bottom line is that Houston did not show, and the District Court did not find, that Houston would "lose any substantial right by the dismissal." *Durham*, 385 F.2d at 368. The District Court therefore abused its discretion in denying Continental's motion to dismiss its third-party complaint.

## II.    The Court should reverse the District Court's orders entered after the District Court denied Continental's motion to dismiss.

Because the District Court abused its discretion when it denied Continental's motion to dismiss, this Court should reverse the District Court's subsequent orders and judgments imposing sanctions against Continental, granting summary judgment in favor of Houston, and awarding attorneys' fees and costs to Houston (Doc. Nos. 306, 315, 316, 401, 404, and 405). If the District Court had granted Continental's motions to dismiss, Houston would not have been a party and could

18

not have filed its motion for sanctions or its motion for summary judgment.[7]  *See Holiday Queen Land Corp.*, 489 F.2d at 1032 (reversing order denying plaintiff's motion to dismiss without prejudice *and* subsequent judgment in favor of the defendants).

---

[7]  In any event, there were issues of fact raised in the record that should have precluded any award of sanctions or entry of a summary judgment for Houston. The record is replete with issues of fact relating to the 100-year history of successor entities to the Jacksonville Gas Company.  *See, e.g.,* Doc. No. 279, pp. 10 – 13 and 17 – 20 (citing Doc. Nos. 265-17, 265-25, 265-26, and 280-10 – 280-16); Doc. No. 302, pp. 6 – 17 (citing Doc. Nos. 299-2 – 299-4, 299-6, 299-14, 299-17, 303-2 – 303-8, and 303-10 – 303-19); Doc. No. 304, pp. 5 – 21 (citing Doc. Nos. 304-1 and 305-2 – 305-13).

## **Conclusion**

This Court should (i) reverse the order denying Continental's initial motion to dismiss (Doc. No. 204) and the subsequent orders and judgments imposing sanctions against Continental (Doc. No. 306), granting summary judgment in favor of Houston (Doc. Nos. 315 and 316) and awarding attorneys' fees and costs to Houston (Doc. Nos. 401, 404 and 405) and (ii) remand this case to the District Court with instructions to dismiss Continental's third-party complaint without prejudice, *nunc pro tunc* to January 27, 2016 (the date of the Order denying Continental's initial motion to dismiss its third-party complaint against Houston).

SMITH HULSEY & BUSEY

By: _____
Stephen D. Busey
John R. Thomas

Florida Bar Number 117790
Florida Bar Number 77107
One Independent Drive, Suite 3300
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com
jthomas@smithhulsey.com

Attorneys for Appellant Continental
Holdings, Inc.

20

## **Certificate of Compliance**

1.     This brief complies with the 13,000 word limit of Fed. R. App. P. 32(a)(7)(B)(i) because, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), this brief contains 3,653 words.

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. (32)(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word for Microsoft 365 MSO in serif Times New Roman 14-point font.

_____
Attorney

**Certificate of Service**

I certify that on August 30, 2022, the foregoing has been filed electronically with the Clerk of Court and a copy has been furnished by Federal Express to the following:

> Ethan J. Loeb, Esq.
> Allison C. Doucette, Esq.
> Bartlett, Loeb, Hinds
> & Thompson, PLLC
> 100 N. Tampa St., Ste. 2050
> Tampa, FL 33602-5866
> ethanl@blhtlaw.com
> allisond@blhtlaw.com

_____
Attorney

01166696.15